## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN GOLDSTEIN, et al., | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No. RWT 05-44 |
| | * | |
| SYSTEM/TECHNOLOGY | * | |
| DEVELOPMENT, CORP., | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On November 19, 2004, Plaintiffs Steven Goldstein ("Goldstein") and Rajiv Dewan

("Dewan") filed a complaint in the Circuit Court for Montgomery County, Maryland against Defendant

System/Technology Development Corporation, a company headquartered in Herndon, Virginia, alleging

breach of contract (Count I) and violation of the Maryland Wage Payment and Collection Act

("MWPCA"), Md. Code Ann. [Labor & Employ.], § 3-501, et seq. (1999, 2004 Repl. Vol.) (Count II).

On January 6, 2005, Defendant removed the case to this Court. This case now comes before the Court

on Defendant's Motion To Dismiss, filed on January 11, 2005. The Court heard the argument of counsel

concerning the Motion To Dismiss on May 9, 2005. For the following reasons, the Court grants the

motion.

## I. Factual Background

Plaintiffs' complaint alleges that Steven Goldstein was employed by Defendant from April 1993

until his termination on September 30, 2004 and Rajiv Dewan was employed by Defendant from May

1995 until his termination on September 30, 2004. Both plaintiffs were employed as full-time workers at

the Rockville, Maryland offices of Lockheed Martin, a client of the Defendant. At the time that the Plaintiffs

were hired, both Goldstein and Dewan were required to, and did, execute Employment Agreements, which

indicate that either party could terminate the agreement at any time, by providing thirty (30) days written

notice.  Each Employment Agreement includes an integration clause that reads as follows:

> **11.**   **<u>Entire Agreement</u>:** This Agreement contains the entire understanding of the
>
> parties with respect to retaining Employee to perform services as set forth in this
>
> Agreement.  It may not be changed orally but only by an agreement in writing
>
> signed by the party against whom enforcement of any waiver, change,
>
> modification, or a discharge is sought;

and a choice of law and forum selection clause that reads as follows:

> **13.**   **<u>Governing Law</u>:** This Agreement shall be construed in accordance with and
>
> governed by the laws of the Commonwealth of Virginia.  Any dispute arising with
>
> regard to this Agreement shall be <u>exclusively</u> determined by the courts of the
>
> Commonwealth of Virginia and all parties hereby agree to submit themselves to the
>
> jurisdiction of such courts. (Emphasis added).

On September 28, 2004, Defendant provided written notice to Goldstein and Dewan of the

termination of their employment effective two (2) days later.  Plaintiffs allege that Defendant breached the

parties' Employment Agreement and violated the MWPCA, when it (1) denied Plaintiffs severance pay,

and (2) failed to pay Plaintiffs accrued but unused vacation time upon termination.[1]  Plaintiffs sue Defendant

---

[1]      The Employee Handbook entitles Plaintiffs to receive severance pay when termination
is due to "elimination of their job or position when no other position is available."  Plaintiffs' complaint
alleges that Defendant terminated their employment because Lockheed Martin terminated its contract
with Defendant, effective September 30, 2004.

for breach of contract in the amounts of $9,972.80 on behalf of Goldstein and $8,777.60 on behalf of

Dewan and for violation of the MWPCA in the amounts of $129,303.48 for Goldstein and $129,030.72

for Dewan.  Defendant moved to dismiss Plaintiffs' complaint on the grounds that (1) the case is governed

by Virginia law and therefore the Maryland Wage Payment Act does not apply and (2) jurisdiction and

venue are only proper in Virginia.

## II.  Motion To Dismiss

A motion to dismiss ought not be granted unless "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S.

41, 45-46 (1957).  In its determination, the court must consider all well-pleaded allegations in a complaint

as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the

light most favorable to the plaintiff. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783

(4th Cir. 1999).   The court need not, however, accept unsupported legal allegations, see Revene v.

Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual

allegations, Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any

reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

### A.   Choice of Law Provision

Defendant first argues that the choice of law provision included in the employment agreement

requires that Virginia law apply to this case.  Therefore, it contends that Plaintiffs' claims under the

MWPCA must be dismissed.  "In Maryland [], it is [] generally accepted that the parties to a contract may

agree as to the law which will govern their transaction..." Taylor v. Lotus Dev. Corp., 906 F. Supp. 290,

294 (D. Md. 1995) (citations omitted).  "Generally, a choice-of-law provision will be honored in Maryland,

3

unless 1) the state whose law is chosen has no substantial relationship to the parties or the transaction; or 2) the strong fundamental public policy of the forum state precludes the application of the choice of law provision." Id.  See National Glass, Inc. v. J.C. Penney Properties, Inc., 336 Md. 606, 610 (1994) (citations omitted).

Plaintiffs argue that it is a fundamental policy of the state of Maryland to "provide a vehicle for employees to collect, and an incentive for employers to pay, back wages." Medex v. McCabe, 372 Md. 28, 39 (2002).  While Virginia does not have a directly comparable wage payment act, the Maryland General Assembly has amended the MWPCA several times in the past fifteen years to clarify the statute and ensure that private citizens will receive accurate wages from employers.  See Baltimore Harbor Charters Ltd. v. Ayd, 365 Md. 366, 381-83 (2001).  Thus, Plaintiffs urge the Court to infer from the Maryland General Assembly's interest in the MPWCA that it would violate Maryland public policy to limit the Plaintiffs' possible recovery to the law of a state that does not protect an employer's rights to his wages to the same extent as Maryland.

Plaintiffs' argument is misplaced.  In order for a Maryland statute to be considered a fundamental public policy, the statute must contain language that "unequivocally" expresses that its provisions represent fundamental public policy of the State.  Taylor, 906 F. Supp. at 298, citing National Glass, Inc., 336 Md. at 612-15, enforcing Md. Code Ann. [Real Prop.] § 9-113 (1974, 1988 Repl. Vol.) (any provision of a contract made in violation of this section is void as against the public policy of this state); see e.g., Bethlehem Steel v. G.C. Zaranas & Co., 304 Md. 183, 187-190 (1985), citing Md. Code Ann. [Cts. & Jud. Proc.] § 5-305 (1974, 1984 Repl. Vol.) (specifically indicating that a certain kind of contract "is against public policy and is void and unenforceable").  "[M]erely because Maryland law is dissimilar to the

4

law of another jurisdiction does not render the latter contrary to Maryland public policy and thus unenforceable...” National Glass, Inc., 336 Md. at 612, citing Bethlehem Steel, 304 Md. at 189.  The MWPCA does not include such strong public policy language and is therefore, not considered “a fundamental policy of the [S]tate of Maryland simply by its existence.” Taylor, 906 F. Supp. at 298.

Plaintiffs also argue that even if the choice of law provision were enforceable, it would only apply to Count I of the Complaint, because Plaintiffs’ entitlement to severance pay and vacation pay is pursuant to the Employee Handbook, not the Employment Agreement that contains the choice of law provision.  In support of their position, Plaintiffs cite Petitto v. Petitto, 147 Md. App. 280, 300 (2002), a case in which the Court of Special Appeals of Maryland refused to apply Massachusetts child support guidelines where a marital separation agreement provided for the use of Massachusetts law, but did not specifically indicate that Massachusetts law would govern an award of child support.  The Petitto case is inapposite to the basic contract law issue in this case because it was a family law case which was decided, in part, based on what would be in the best interest of the child, who obviously was a stranger to the agreement of the parents.  See 147 Md. App. at 305.  Furthermore, Paragraph 11 of the Employment Agreement in this case contains an integration clause which indicates that the “Agreement contains the entire understanding of the parties with respect to retaining Employee to perform services as set forth in the Agreement.”  Thus, any obligation to pay severance or vacation pay can only arise from the employment relationship established by the parties through the Employment Agreement, and any dispute concerning the failure to abide by that Agreement is governed by the laws of Virginia, as the parties agreed.

## B.   Forum Selection Clause

Defendants also argue that the Complaint must be dismissed because the parties agreed that

Virginia is the exclusive venue for the case.  A mandatory forum selection clause like the one found in paragraph 13 of the Employment Agreement will be enforced under Maryland law.  <u>Koch v. America Online, Inc.</u>, 139 F. Supp. 2d 690, 693 (D. Md. 2000) (A mandatory provision is one containing "clear language showing that jurisdiction is appropriate only in the designated forum.").  Plaintiffs concede that a mandatory forum selection clause is generally enforceable under Maryland law, <u>unless</u> that forum selection clause is unreasonable.  <u>Id.</u> at 694.  A forum selection clause is considered unreasonable if (1) it was the result of fraud or overreaching; (2) trial in the contractual forum will be so gravely difficult and inconvenient for the complaining party that he will be, for all practical purposes, deprived of his day in court; or (3) enforcement would contravene a strong public policy of the state.  <u>Id.</u>  Plaintiffs argue that because the MWPCA is a fundamental public policy of the State, this forum selection clause is unreasonable and should be unenforceable.  However, as explained in the previous section, the MWPCA does not represent the fundamental public policy of the state.  <u>Taylor</u>, 906 F. Supp. at 298.  Moreover, the headquarters of the Defendant is located in the adjacent Commonwealth of Virginia, and litigation there would be neither difficult, nor inconvenient to Maryland residents.  Finally, there is no suggestion, much less an allegation, that the forum selection clause (a veritable staple of such agreements) was the result of fraud or overreaching.  Thus, the forum selection clause is enforceable and Plaintiffs must bring their case in the Commonwealth of Virginia where they will have their day in court.

A separate Order follows.

August 22nd, 2005                                       _____/s/_____

                                                                ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE